# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARLIN LUSTGRAAF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **8:08CV335** |
| | ) | |
| **BRYAN S. BEHRENS, SUNSET** | ) | **ORDER DENYING** |
| **FINANCIAL SERVICES, INC.,  and** | ) | **MOTION TO STRIKE** |
| **KANSAS CITY LIFE INSURANCE** | ) | **AMENDED COMPLAINT** |
| **COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On January 12, 2009, the plaintiffs filed an Amended Complaint naming Kansas City Life Insurance Company as an additional defendant.  Defendant Behrens had already filed an answer to the original complaint.  Defendant Sunset Financial Services, Inc. ("Sunset") has not yet answered; however, its Motion to Dismiss is pending before Judge Smith Camp.

The allegations against Sunset made in the Amended Complaint are the same as those stated in the original Complaint.  In response to the court's January 13, 2009 scheduling order, Sunset filed a motion to strike the amended complaint. In summary, Sunset contends the Amended Complaint should be stricken because the addition of parties is governed by Fed. R. Civ. P. 21, and a litigant may not add parties to an action by amending the complaint as of right pursuant to Fed. R. Civ. P. 15(a).  Sunset further contends the amendments are futile, for the reasons argued in its pending motion to dismiss the original Complaint.

## DISCUSSION

The major issue presented in this motion is whether Kansas City Life Insurance Co. was properly added as a defendant pursuant to Fed. R. Civ. P. 15(a).  There is no binding precedent on the issue.  Having carefully considered the parties' written arguments and the authorities cited by the parties, I conclude that the filing of the Amended Complaint and addition of a party pursuant to Rule 15(a) was permissible in this instance.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course before being served with a responsive pleading.  A motion to dismiss is not a "responsive pleading" for purposes of applying Rule 15(a).  *See, e.g., Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978); *Ballard v. Heineman*, 2007 WL 2011246 at *1, Case No. 4:07CV3122 (D. Neb., July 6, 2007).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

Rule 21 of the Federal Rules of Civil Procedure provides, in part, that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

In the absence of any binding authority addressing the potential conflict between Rule 15(a) and Rule 21, this court finds persuasive and elects to apply the general rule stated in *Williams v. Board of Regents of the Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007):  "If the case has more than one defendant and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."  *See also Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309 (D.D.C. 2003) ("Rule 15(a) allows a party to amend its

-2-

pleading to add a new party."); *Pethtel v. Washington County Sheriff's Office*, 2007 WL 2359765 at *4, Case No. 2:06-cv-799 (S.D. Ohio, Aug. 16, 2007) (the right to amend a complaint before a responsive pleading is filed is absolute, and no leave of court is needed, even to add parties).

The court also adopts the position that Rule 21 should not be given preference over Rule 15(a) in this situation:

> [C]ourts that have required leave to add a party under Rule 21 also frequently concluded that whether it would be granted is to be governed by the liberal amendment standards of Rule 15(a). In addition, it is not obvious that Rule 21 is more specific than Rule 15. It might be argued that Rule 21 is the general provision since it deals in broad terms with dropping and adding parties by motion, and Rule 15(a) is a more specific provision because it sets forth a particular means by which a party may attempt to drop or add parties – by an amendment to the pleadings. Viewed from this perspective, any attempt to change parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court.
>
> There are other reasons for allowing amendments that change or alter parties to be made as of right under the terms of Rule 15(a). The theory behind the provision for amendments as of course is that the court should not be bothered with passing on amendments to the pleadings at an early stage in the proceedings when the other parties probably will not be prejudiced by any modification. There is no reason why these same considerations should not apply to a change in parties as well as to any other amendment as of course. Moreover, the amendment of Rule 15(c) in 1966, providing for the relation back of amendments changing parties, impliedly sanctions the view that parties may be changed by a Rule 15 amendment, including one without leave of court when it is accomplished before a responsive pleading has been filed.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. 2d § 1479 (Footnotes omitted).

In this instance, the Amended Complaint does not add or modify any claims against Sunset. Sunset has not satisfactorily explained how it has been unfairly prejudiced by the plaintiffs' failure to seek leave of the court to add Kansas City Life Insurance Company as a defendant. Defendant Behrens, the party who has actually answered, did not object to the filing of the Amended Complaint. Nor will the amendments affect the court's jurisdiction.

For all these reasons,

**IT IS ORDERED:**

1. Sunset's Motion to Strike the Amended Complaint is denied.

2. The Amended Complaint was properly filed as of right, pursuant to Fed. R. Civ. P. 15(a), on January 12, 2009.

3. Because the plaintiffs' allegations and causes of action against Sunset have remained unchanged, the district court will rule on Sunset's pending motion to dismiss as applied to the Amended Complaint, and Sunset need not refile its Motion to Dismiss.

**DATED February 2, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-4-