## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARLIN LUSTGRAAF,** | ) | 8:08CV335 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| **SUNSET FINANCIAL SERVICES, INC.,** | ) | AND ORDER |
| **KANSAS CITY LIFE INSURANCE** | ) | |
| **COMPANY, and BRYAN S.** | ) | |
| **BEHRENS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 20) submitted by Defendant Sunset Financial Services, Inc. ("Sunset").[1] Sunset has moved to dismiss Plaintiff Marlin Lustgraaf's action against it pursuant to Fed. R. Civ. P. 12(b)(7), 19(a), 9(b), and 12(b)(6). Also before the Court is Sunset's Request for Judicial Notice (Filing No. 22); Sunset's Motion to Enlarge Index of Exhibits (Filing No. 49); and Lustgraaf's Motion for Leave to File a Surreply Brief (Filing No. 58). The issues have been fully briefed.

### BACKGROUND

For purposes of the pending motion to dismiss, this Court accepts as true the factual allegations in the Amended Complaint (Filing No. 51), although the Court is not bound to accept Lustgraaf's legal conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Lustgraaf is a citizen of the State of Iowa. (Amended Complaint, Filing No. 51, ¶ 4). Defendant Kansas City Life ("KC Life"), a Missouri corporation with its principal place of

---

[1] In accordance with Magistrate Judge F.A. Gossett's Order of February 2, 2009, allowing Plaintiff to file an Amended Complaint, I will rule on Sunset's Motion to Dismiss as applied to the Amended Complaint. *See* Filing No. 66.

business in Missouri, is licensed with the Nebraska Department of Insurance.[2]  (*Id.* at ¶ 6). Sunset, a Washington corporation with its principal place of business in Missouri, is a wholly-owned subsidiary of KC Life.  (*Id.* at ¶ 5).  Sunset is a broker-dealer registered with the Securities and Exchange Commission ("SEC") and is authorized to conduct business in Nebraska.  (*Id.*).  Defendant Bryan S. Behrens ("Behrens") was a citizen of the State of Nebraska at the time the original Complaint was filed.  (*Id.* at ¶ 7).  He was an agent of KC Life and a registered representative of Sunset.  (*Id.*).  Behrens was also the President and CEO of 21st Century Financial Group, Inc. ("21st Century"), which operated as a branch office of Sunset.  (*Id.*).

Lustgraaf alleges that he invested $700,000 on or about August 3, 2006, and an additional $120,000 on or about August 4, 2006, with Behrens through National Investments, Inc. ("National Investments"), an entity controlled by Behrens and incorporated under the laws of Nevada.[3]  (*Id.* at ¶¶ 4, 12, 13).  The written promissory notes were signed by Lustgraaf, and by Behrens on behalf of the borrower, National Investments.[4]  (*Id.* at ¶ 13, 14).  According to Lustgraaf, no written offering documents were prepared and Behrens made only oral representations to Lustgraaf about how the money would be invested.  (*Id.* at ¶14).  Behrens allegedly told Lustgraaf that Behrens would make

---

[2]Specific allegations with respect to KC Life will not be discussed in detail in this Memorandum and Order.  KC Life's Motion to Dismiss (Filing No. 77) is not yet ripe for decision.

[3]According to Lustgraaf, the corporate charter of National Investments was revoked by the Nevada Secretary of State on December 1, 2006.  (Amended Complaint, Filing No. 51, ¶ 12).

[4]Copies of the promissory notes are attached to Sunset's Request for Judicial Notice and found at Filing No. 22-3.

safe investments with the money that would result in a steady stream of income for Lustgraaf. (*Id.* at ¶ 15). Lustgraaf contends that Behrens was aware of Lustgraaf's need for the investment income to contribute to his father's nursing home care. (*Id.*). Lustgraaf further contends that Behrens knew Lustgraaf was depending on the $120,000 investment to pay tax liabilities and that Behrens made assurances that the money would be invested in a manner ensuring its availability for that purpose. (*Id.*).

Lustgraaf alleges that Behrens did not invest Lustgraaf's money but instead used National Investments to perpetrate a fraudulent Ponzi scheme.[5] (*Id.* at ¶ 12). According to Lustgraaf, Behrens "misappropriated the funds for his personal use, spent the money in other ways, or simply transferred money among Plaintiff and other investors to prevent them from discovering the fraud."[6] (*Id.* at ¶ 16). Lustgraaf first became aware of the allegations of fraud against Behrens when the SEC filed a lawsuit in this Court against Behrens in January of 2008.[7] (*Id.* at ¶ 18). Even after the SEC filing, Behrens continued to reassure Lustgraaf that the allegations against him were false. (*Id.*). Lustgraaf contends

---

[5] A Ponzi scheme is a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original investors, whose example attracts even larger investments." Black's Law Dictionary 1198 (8th ed. 2004). No "operation or revenue-producing activity other than the continual raising of new funds" is involved. *Id.* The scheme is named for Charles Ponzi, who was convicted in the late 1920s for the fraudulent schemes he perpetrated in Boston. *Id.*

[6] Plaintiff allegedly received payments from Behrens or his companies in an unidentified amount. (*Id.* at ¶ 4).

[7] Securities and Exchange Commission v. Bryan S. Behrens and National Investments, Inc., United States District Court for the District of Nebraska, Case No. 8:08cv13.

that he would not have invested with Behrens had he known "the truth about Behrens's scheme." (*Id.* at ¶ 17).

According to Lustgraaf, Sunset is marketed as a "trusted financial advisory firm" that asserts its representatives "can be trusted in matters involving financial advice." (*Id.* at ¶¶ 20, 21). Lustgraaf contends that Sunset had a duty to supervise its registered representative, Behrens, and that by violating that duty to supervise, it failed to prevent the fraud perpetrated by Behrens. (*Id.* at ¶ 22). According to Lustgraaf, "Sunset [as a broker-dealer] was on notice from the SEC to monitor registered representatives for a common type of fraud that the SEC calls 'promissory note fraud.'" (*Id.* at ¶ 23). Lustgraaf further alleges that similar allegations against other registered representatives of Sunset put the corporation on "special" notice of this type of fraud. (*Id.* at ¶ 24). Lustgraaf contends that Behrens would not have been able to perpetrate his fraudulent scheme if he had been properly supervised by Sunset and that Sunset ignored "numerous red flags that were or should have been apparent to it, including that Behrens was having certain investors pay penalties for early withdrawal from annuities or similar investments to move funds from Kansas City Life and other companies to invest with Behrens and National Investments." (*Id.* at ¶ 25).

Finally, Lustgraaf alleges that Sunset was aware that KC Life named Behrens a General Agent and recognized Behrens and 21st Century with various awards and appointments. (*Id.* at ¶¶ 26-28). Lustgraaf contends that Sunset was aware that the association between Behrens, KC Life, and itself gave Behrens an "aura of authority and trustworthiness" and gave him credibility that he would not otherwise have enjoyed. (*Id.*

at ¶ 29). Lustgraaf maintains that the "aura of credibility was important in permitting Behrens to defraud the Plaintiff." (*Id.*).

The Amended Complaint contains ten Causes of Action. The First Cause of Action alleges that Lustgraaf has been damaged by Behrens's violation of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The Second and Third Causes of Action allege that Sunset and KC Life are liable for damages to Lustgraaf under § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), having had the power or ability to control Behrens. The Fourth Cause of Action alleges common law fraud by Behrens. The Fifth Cause of Action alleges breach of fiduciary duty by Behrens. The Sixth and Seventh Causes of Action allege that Sunset and KC Life, as Behrens's principals, are jointly and severally liable for his common law fraud and breach of fiduciary duty. The Eighth Cause of Action alleges that Behrens violated the Nebraska Securities Act, or, alternatively, the Iowa Securities Act. The Ninth and Tenth Causes of Action allege that Sunset and KC Life are jointly and severally liable for Behrens's violations of the state securities acts as alleged in the Eighth Cause of Action.

Sunset moved to dismiss Lustgraaf's action under Rule 12(b)(7) for failure to join necessary parties in accordance with Rule 19(a); under Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and for failure to plead with the specificity required by Rule 9(b) and the Private Securities Litigation Reform Act. (Filing No. 20). Sunset's brief in support of its motion was accompanied by evidentiary materials in support of its position. (Filing Nos. 21, 22, and 49).

**STANDARD OF REVIEW**

For the reasons discussed below, Sunset's Motion to Dismiss will be resolved under Fed. R. Civ. Pro. 12(b)(6), and Sunset's arguments under Fed. R. Civ. P. 12(b)(7), 19(a) and 9(b) are, therefore, moot. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Amended Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

With respect to Plaintiffs' claims under the Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4 (the "PSLRA"), the Court acknowledges that the PSLRA requires a modified approach to motions to dismiss based on its heightened pleading requirements, *see Kushner v. Beverly Enter., Inc.*, 317 F.3d 820, 824 (8th Cir. 2003), and therefore, "'catch-all' or 'blanket' assertions that do not live up to the particularity requirements of the [PSLRA]" will be disregarded. *Id.* (citing *Florida State Bd. of Admin. v. Green Tree Fin. Corp.,* 270 F.3d 645, 660 (8th Cir. 2001)).

## DISCUSSION

**Sunset's Request for Judicial Notice and Motion to Enlarge Index of Exhibits**

In deciding the issues raised by the Motion to Dismiss, the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1 (1986). "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002)). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). Though "matters outside the pleading" are generally not considered in deciding a Rule 12(b)(6) motion, documents "necessarily embraced by the complaint" are not considered to be "matters outside the pleading." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004) (citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)).

Promissory Notes

Both the Complaint and the Amended Complaint refer to promissory notes sold to Lustgraaf by Behrens, on behalf of National Investments, but copies of those notes were not attached to either pleading. In support of its Motion to Dismiss, Sunset has provided the Court with a copy of those promissory notes and has requested that the Court take

judicial notice of those notes. (Filing No. 22). Lustgraaf does not oppose this request. I conclude that the promissory notes are embraced by Lustgraaf's Complaint and Amended Complaint, and the copies of the notes are properly part of the Rule 12 record.

Corporate Records

In further support of its Motion to Dismiss, Sunset filed with the Court certified copies of National Investments' corporate records found on file with the Nevada Secretary of State,[8] and has requested that the Court take judicial notice of those records. (Filing No. 22). Lustgraaf does not object to the Court taking judicial notice of the existence of the records on file with the Nevada Secretary of State. Nevertheless, Lustgraaf argues that the Court is precluded from taking judicial notice of the truth of the matters asserted in the documents. (Plaintiff's Brief in Opposition, Filing No. 39).

The lists of officers, directors, and resident agents filed by National Investments are on file with the Nevada Secretary of State and thus are public records that the Court may consider even though they are not mentioned in the pleadings. *See Noble Sys. Corp. v. Alorica Central, LLC,* 543 F.3d 978, 982 (8th Cir. 2008) (holding that the district court did not err in considering the defendant's financing statement on file with the Minnesota Secretary of State). Therefore, I will grant Sunset's request for the Court to take judicial notice of the exhibits attached to Filing No. 22.

---

[8] The corporate records at issue consist of certified copies of "Annual List of Officers, Directors and Resident Agent" and "Amended Annual List of Officers, Directors and Resident Agent" for National Investments as well as documentation from the Nevada Secretary of State certifying that the copies are true and exact copies of documentation filed with his office. (Filing No. 22-4).

Lawsuit Against Blunk

Shortly after filing its reply brief, Sunset filed a Motion to Enlarge the Index of Evidence previously filed in support of its Motion to Dismiss. (Filing No. 49). Sunset seeks to include a Complaint and Jury Demand filed by Behrens, National Investments, and others against Christian Blunk and others in the District Court for Douglas County, Nebraska ("Blunk Complaint").[9]

In his opposing brief, Lustgraaf does not object to the inclusion of the Blunk Complaint in Sunset's Index of Evidence, but does object to "Sunset's use of its Motion, Filing No. 49, and its Memorandum in Support, Filing No. 50, to reargue its Motion to Dismiss." (Plaintiff's Brief in Opposition, Filing No. 57). Lustgraaf proceeds to argue that the Blunk Complaint undermines Sunset's contention that Lustgraaf's Complaint should be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join required parties under Rule 19(a).

The Blunk Complaint is on file with the District Court for Douglas County, Nebraska, and is a public record that the Court may consider even though it is not mentioned in the pleadings and did not exist at the time of the filing of Lustgraaf's original complaint. *See Noble Sys. Corp. v. Alorica Central, LLC,* 543 F.3d 978, 982 (8th Cir. 2008). Lustgraaf does not object to the Court's consideration of the Blunk Complaint itself. I will grant Sunset's Motion to Enlarge the Index of Evidence, but will limit my review to the Blunk Complaint, and will not consider the additional arguments offered by either of the parties.

---

[9]*Bryan S. Behrens, et al. v. Christian R. Blunk, et al.*, filed in the District Court of Douglas County, Nebraska on December 4, 2008, is found at Doc. 1090 No. 178. (Filing No. 49-2)

9

**Lustgraaf's Motion for Leave to File Surreply Brief**

Lustgraaf moved for leave to file a surreply brief, and attached the proposed brief to his motion. (Filing Nos. 58 and 58-2). Sunset has not filed a response in opposition to the motion. The motion will be granted and the attached brief will be deemed filed instanter.

**Sunset's Motion to Dismiss**

Sunset moved to dismiss Lustgraaf's action in its entirety under Rule 12(b)(7) for failure to join necessary parties in accordance with Rule 19(a); under Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and for failure to plead with the specificity required by Rule 9(b) and the PSLRA. (Filing No. 20).

Sunset dedicates a large portion of its briefs to arguments that Lustgraaf's claims against Behrens should fail and that failure of those claims leads to the logical conclusion that Lustgraaf's claims against Sunset, based on secondary or vicarious liability, must fail as a result. In this Memorandum and Order I will address only those claims that pertain to Sunset, specifically the Second, Sixth, and Ninth Causes of Action in the Amended Complaint.

Second Cause of Action

Lustgraaf alleges that Sunset is jointly and severally liable for the damages resulting from Behrens's violation of the Securities Exchange Act as alleged in the First Cause of Action. Lustgraaf's Second Cause of Action is based on Sunset's alleged violation of § 20(a) of the Securities Exchange Act found at 15 U.S.C. § 78t(a). The statute says in relevant part:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a).

Lustgraaf alleges that Sunset "actually exercised control over Behrens's operations in general" and had the "power and authority to control Behrens with respect to the wrongful conduct" underlying his alleged individual violation of the Securities Exchange Act, thus creating liability for Sunset under § 20(a). (Amended Complaint, Filing No. 51, ¶¶ 36, 38).

Lustgraaf alleges no facts supporting the conclusory statements that Sunset either "exercised control" or "had the power and authority to control" over Behrens or National Investments with respect to the sale of the two promissory notes at issue in this action. There are no allegations that Sunset was in any way involved in the transaction between Lustgraaf and Behrens, acting on behalf of National Investments. Nowhere on the face of the notes themselves is Sunset mentioned. Instead, the promissory notes identify National Investments as the borrower. (Filing No. 22-3). There are no allegations that Behrens's affiliation with Sunset played any part in the discussions between Behrens and Lustgraaf on or around the time of the signing of the notes. In fact, Lustgraaf alleges that Behrens perpetrated his fraudulent Ponzi scheme by using National Investments, an entity controlled by Behrens and which has no alleged connection to Sunset. (Amended Complaint, Filing No. 51, ¶ 12). The Amended Complaint is devoid of any allegations that Sunset was in any way affiliated with National Investments. Rather, Lustgraaf alleges that

Behrens, as President and CEO, "operated 21st Century as a branch office of Sunset." (*Id.* at ¶ 7).

Lustgraaf's Amended Complaint fails to state a claim of controlling person liability against Sunset under Section 20(a) of the Securities Exchange Act. As such, his Second Cause of Action will be dismissed for failure to state a claim upon which relief can be granted.

<u>Sixth Cause of Action</u>

Lustgraaf alleges that as Behrens's principal, Sunset is jointly and severally liable for the conduct that supports the allegations of fraud and breach of fiduciary duty against Behrens. Lustgraaf contends that Sunset's liability for Behrens's conduct exists under the doctrine of respondeat superior. (*Id.* at ¶ 58). Lustgraaf also alleges that Sunset is liable for Behrens's conduct "because of the apparent authority that it had bestowed upon Behrens." (*Id.* at ¶ 59). Lustgraaf claims that punitive damages are available under Iowa law. (*Id.* at ¶ 60).

The Iowa Supreme Court in *Godar v. Edwards,* 588 N.W.2d 701 (Iowa 1999), provides a concise statement of Iowa law concerning the doctrine of respondeat superior:

> The well established rule is that under the doctrine of respondeat superior, an employer is liable for the negligence of an employee committed while the employee is acting within the scope of his or her employment. . . . Thus, "[a] claim of vicarious liability under the doctrine of respondeat superior rests on two elements: proof of an employer/employee relationship, and proof that the injury occurred within the scope of that employment."

*Id.* at 705 (quoting *Biddle v. Sartori Mem'l Hosp.*, 518 N.W.2d 795, 797 (Iowa 1994) (internal citations omitted).

Lustgraaf's Amended Complaint contains no allegations that Behrens was employed by Sunset. It is similarly devoid of allegations that Behrens's conduct, that is, selling promissory notes to Lustgraaf on behalf of National Investments, was in any way related to his role as a registered representative for Sunset. Lustgraaf does not allege that Sunset received any direct or indirect compensation as a result of the promissory note transactions or that Behrens led Lustgraaf to believe that Sunset had any involvement in or oversight of the transactions. Finally, any allegations that Lustgraaf relied on the broker-dealer relationship between Behrens and Sunset in deciding to invest his money with National Investments are notably absent from the Amended Complaint.

Lustgraaf's Amended Complaint fails to state a claim of respondeat superior liability against Sunset. As such, Lustgraaf's Sixth Cause of Action will be dismissed for failure to state a claim upon which relief can be granted.

Ninth Cause of Action

Lustgraaf alleges that Sunset is jointly and severally liable for damages caused by Behrens's violation of the Nebraska Securities Act found at Nebraska Revised Statutes § 8-1118(3) (Reissue 2007), or alternatively, the Iowa Securities Act found at Iowa Code Annotated § 502.509(7) (West 2009). The Nebraska Act states in relevant part:

> Every person who directly or indirectly controls a person liable under subsections (1)[10] and (2)[11] of this section including . . . every broker-dealer . . . who materially aids in such conduct shall be liable jointly and severally with and to the same extent as such person, unless able to sustain the burden of proof that he or she did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

Neb. Rev. Stat. § 8-1118(3) (Reissue 2007).[12]

In the introductory paragraphs of the Amended Complaint, Lustgraaf alleges that Sunset is a "broker-dealer registered with the United States Securities and Exchange Commission and authorized to conduct business in Nebraska." (Amended Complaint, Filing No. 51, ¶ 5). With respect to the Ninth Cause of Action, Lustgraaf alleges that "Sunset is liable as a broker-dealer which directly or indirectly controlled Behrens and materially aided Behrens in his commission of the fraudulent conduct." (*Id.* at ¶ 72).

The Eighth Circuit recently addressed the issue of the liability of a broker-dealer under a very similar provision of the Arkansas Securities Act. In *Benton v. Merrill Lynch*

---

[10] Neb. Rev. Stat. § 8-1118(1) provides in part: "Any person who . . . offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he or she did not know and in the exercise of reasonable care could not have known of the untruth or omission, shall be liable to the person buying the security from him or her . . . ."

[11] Neb. Rev. Stat. § 8-1118(2) provides in part: "[A]ny investment adviser who employs any device, scheme, or artifice to defraud such person [to whom the investment adviser provides investment adviser services] or engages in any act, practice, or course of business which operates or would operate as a fraud or deceit on such person shall be liable to such person."

[12] The relevant portion of the Iowa Securities Act includes language nearly identical to the Nebraska Act. Therefore, the Court's analyses of the sufficiency of Plaintiff's Ninth Cause of Action under the two state's laws would be identical.

*& Co., Inc.*, 524 F.3d 866 (8th Cir. 2008), the plaintiff investors brought an action against an investment services company, Merrill Lynch, for aiding and abetting an individual, David Howell, who they alleged defaulted on promissory notes that were obtained through false representations. The Court affirmed the district court's dismissal of the plaintiffs' claims against the broker-dealer. "It is not enough for the investors to allege Merrill Lynch was Howell's broker-dealer; they must also allege Merrill Lynch materially aided in the sale of the promissory notes. . . . Because the Complaint is devoid of any allegations which might establish Merrill Lynch materially aided Howell's sale of the promissory notes to the investors, the district court correctly concluded the investors failed to state a claim against the broker-dealer. . . ." *Id.* at 870-71.[13]

Notably absent from the Amended Complaint in the present case are factual allegations supporting Lustgraaf's conclusory statements that Sunset controlled Behrens, either directly or indirectly. The Amended Complaint is devoid of allegations that Sunset took any action that could be construed as aiding Behrens's sale of promissory notes to Lustgraaf. There simply is nothing in the Amended Complaint alleging that Sunset was in any way involved in the transactions.

Lustgraaf's Amended Complaint fails to state a claim of broker-dealer liability against Sunset under either the Iowa Securities Act or the Nebraska Securities Act. As such, Lustgraaf's Ninth Cause of Action will be dismissed for failure to state a claim upon which relief can be granted.

---

[13] Although Howell's sale of promissory notes preceded his affiliation with Merrill Lynch, the reasoning of the Court in this case, with respect to allegations of aiding and abetting, may still be applied to the facts of the case before this Court.

## CONCLUSION

Lustgraaf's claims against Sunset under the various theories of secondary liability fail. Sunset's Motion to Dismiss is granted, on the basis of Federal Rule of Civil Procedure 12(b)(6). Accordingly,

IT IS ORDERED:

1. Defendant Sunset Financial Services, Inc.'s Request for Judicial Notice (Filing No. 22) is granted;

2. Defendant Sunset Financial Services, Inc.'s Motion to Enlarge Index of Exhibits (Filing No. 49) is granted;

3. The Plaintiff Marlin Lustgraaf's Motion for Leave to File Surreply Brief (Filing No. 58) is granted and the attached brief is deemed filed instanter;

4. The Motion to Dismiss filed by Defendant Sunset Financial Services, Inc., (Filing No. 20) is granted, with respect to Plaintiff Marlin Lustgraaf's claims against Sunset only; and

5. The Plaintiff Marlin Lustgraaf's claims against Sunset Financial Services, Inc., identified in the Amended Complaint as Counts II, VI, and IX, are dismissed without prejudice.

DATED this 23rd day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge