IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARLIN LUSTGRAAF,** | ) | **CASE NO. 8:08CV335** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SUNSET FINANCIAL SERVICES, INC.,** | ) | |
| **KANSAS CITY LIFE INSURANCE** | ) | |
| **COMPANY, and BRYAN S. BEHRENS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Marlin Lustgraaf's Unopposed Motion for Entry of Judgment under Federal Rule of Civil Procedure 54(b). (Filing No. 98). Lustgraaf seeks a final judgment under Fed. R. Civ. P. 54(b) with respect to the Court's dismissal of his claims against Sunset Financial Services, Inc. ("Sunset"), and Kansas City Life Insurance Company ("KC Life") in this action. On March 23, 2009, this Court granted Sunset's motion to dismiss. (Filing No. 79). On July 17, 2009, this Court granted KC Life's motion to dismiss. (Filing No. 96).[1] No final order of judgment has been entered, because Lustgraaf's claims remain pending against Defendant Bryan S. Behrens.

Fed. R. Civ. P. 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, cross-claim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] The Court also denied Lustgraaf's motions to file a second amended complaint. (Filing Nos. 96 and 97).

"The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." *Orion Financial Corp. of South Dakota v. American Foods Group, Inc.*, 201 F.3d 1047, 1049 (8th Cir. 2000). "In determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals." *Shurgard Storage Centers v. Lipton-U City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). "The finality requirement of 28 U.S.C. § 1291 [establishing appellate jurisdiction] embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *U.S. v. Nixon*, 418 U.S. 683, 690 (1974).

In the matter before this Court, Lustgraaf's claims against the remaining defendant, Bryan S. Behrens, have been stayed by the Court pursuant to an order of the Court in the related case, Securities and Exchange Commission v. Bryan S. Behrens and National Investments, Inc., United States District Court for the District of Nebraska, Case No. 8:08cv13 ("SEC action"). (See Filing No. 80). In the SEC action, the Court entered judgment and appointed a Receiver on July 28, 2008.[2] In response to a multitude of proceedings and litigation brought against Behrens by individual investors following the judgment and the Receiver's appointment, the Receiver filed a motion to stay those actions. On March 24, 2009, after hearing arguments, the Court granted the Receiver's

---

[2]Filing No. 85 in Securities and Exchange Commission v. Bryan S. Behrens and National Investments, Inc., United States District Court for the District of Nebraska, Case No. 8:08cv13.

motion to stay, further clarifying the Court's intention to prohibit individual investors from bringing actions against Behrens or National Investments that might affect the assets being gathered by the Receiver.

Lustgraaf represents to the Court that counsel for KC Life and Sunset have been consulted and do not oppose the instant motion.

The decision to grant or deny a motion for entry of a final judgment under Rule 54(b) is one that lies in the discretion of the district court, and will not be reversed absent an abuse of discretion.  *Shurgard Storage Centers*, 394 F.3d at 1046.  Weighing the equities of the situation, including judicial administrative interests, the uncertain duration of the stay resulting from the SEC action, the absence of any objection, and the fact that the entry of a final judgment in favor of Sunset and KC Life will not likely generate "piecemeal appeals," I conclude that there is no just reason for delay and the motion should be granted.

IT IS ORDERED:

1. Plaintiff Marlin Lustgraaf's Unopposed Motion for Entry of Judgment under Federal Rule of Civil Procedure 54(b), (Filing No. 98), is granted; and

2. A separate Judgment will be entered dismissing Sunset Financial Services, Inc., and Kansas City Life Insurance Company.

DATED this 1st day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge