# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN LUSTGRAAF,       )<br>                                                    )<br>            Plaintiff,           )<br>                                                    )<br>    v.                                          )<br>                                                    )<br>SUNSET FINANCIAL SERVICES, INC.  )<br>and BRYAN S. BEHRENS,       )<br>                                                    )<br>            Defendants.       ) | 8:08-CV-00335-LSC-FG3<br><br>ORDER |
| JEAN POOLE, et al.,       )<br>                                                    )<br>            Plaintiffs,          )<br>                                                    )<br>    v.                                          )<br>                                                    )<br>SUNSET FINANCIAL SERVICES, INC.  )<br>and BRYAN S. BEHRENS,       )<br>                                                    )<br>            Defendants.       ) | 8:08-CV-00399-LSC-FG3<br><br>ORDER |
| MILO VACANTI,               )<br>                                                    )<br>            Plaintiff,           )<br>                                                    )<br>    v.                                          )<br>                                                    )<br>SUNSET FINANCIAL SERVICES, INC.  )<br>and BRYAN S. BEHRENS,       )<br>                                                    )<br>            Defendants.       ) | 8:08-CV-00436-LSC-FG3<br><br>ORDER |
| WILLIAM GREEN, et al.,       )<br>                                                    )<br>            Plaintiffs,          )<br>                                                    )<br>    v.                                          )<br>                                                    )<br>SUNSET FINANCIAL SERVICES, INC.  )<br>and BRYAN S. BEHRENS,       )<br>                                                    )<br>            Defendants.       ) | 8:09-CV-00013-LSC-FG3<br><br>ORDER |

| | |
|---|---|
| **MILO VACANTI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:09-CV-00044-LSC-FG3** |
| vs. ) | |
| ) | **ORDER** |
| **SUNSET FINANCIAL SERVICES, INC.** ) | |
| **and BRYAN S. BEHRENS,** ) | |
| ) | |
| **Defendants.** ) | |

    This matter is before the court on Plaintiffs' Motion to Compel Testimony from Bryan Behrens ("Behrens"). (Case No. 8:09CV13, Filing 211, Case No. 8:08CV335, Filing 246; Case No. 8:08CV399, Filing 243; Case No. 8:08CV436, Filing 233; Case No. 8:09CV44, Filing 160.) Plaintiffs' motion will be granted, in part.

    Plaintiffs wish to depose Behrens. However, Behrens has indicated that he will invoke the Fifth Amendment to the United States Constitution if deposed before the Eighth Circuit Court of Appeals rules on the appeal from his criminal sentence. Behrens represents that he will not invoke the Fifth Amendment after the appeal is concluded. Plaintiffs argue that Behrens waived his Fifth Amendment rights by testifying at his second sentencing hearing and that postponing Behrens' deposition until after his criminal appeal is resolved would unduly delay this litigation.

    The court finds that Behrens should be compelled to testify in this matter in advance of the decision regarding his appeal. Behrens provided lengthy testimony at his second sentencing hearing, and he has appealed from the sentence imposed after that hearing. Given Behrens' previous testimony in the criminal case, Behrens does not have a valid justification for asserting the Fifth Amendment privilege in this litigation. Moreover, Behrens' concerns relating to the Fifth Amendment can be addressed by subjecting his testimony to the confidentiality order entered in these cases. The court further finds that given the status of Behrens' criminal appeal and the need to progress these cases, it is impractical to postpone the deposition until after a decision in the appeal is reached.

    Plaintiffs also request that the court find that Behrens waived the attorney-client

privilege as to communications with his attorney, Thomas Dahlk, regarding National Investments and, additionally, with respect to Behrens' communications with Chris Blunk, one of Behrens' former attorneys. The court declines to rule on the question of whether a waiver of the attorney-client privilege has occurred in advance of Behrens' deposition.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Compel Testimony from Bryan Behrens (Case No. 8:09CV13, Filing 211, Case No. 8:08CV335, Filing 246; Case No. 8:08CV399, Filing 243; Case No. 8:08CV436, Filing 233; Case No. 8:09CV44, Filing 160) is granted, in part.

2. Bryan Behrens is hereby ordered to appear for deposition at a time mutually-agreeable between the parties. Bryan Behrens shall not invoke the Fifth Amendment as to matters related to the claims in the instant cases.

3. Any testimony by Behrens shall be subject to the confidentiality order entered in these cases.

4. The court will not rule with respect to any purported waiver of the attorney-client privilege in advance of Behrens' deposition.

DATED May 3, 2012.

> BY THE COURT:
>
> S/ F.A. Gossett, III
> **United States Magistrate Judge**

3