# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MARLIN LUSTGRAAF,**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**SUNSET FINANCIAL SERVICES, INC.,**<br>**and BRYAN S. BEHRENS,**<br><br>    **Defendants.** | **CASE NO. 8:08CV335**<br><br><br>**MEMORANDUM**<br>**AND ORDER** |
| **JEAN POOLE and DEE POOLE,**<br>**Trustees of the Poole Family Trust,**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**SUNSET FINANCIAL SERVICES, INC.,**<br>**and BRYAN S. BEHRENS,**<br><br>    **Defendants.** | **CASE NO. 8:08CV399**<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |
| **MILO VACANTI,**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**SUNSET FINANCIAL SERVICES, INC.,**<br>**and BRYAN S. BEHRENS,**<br><br>    **Defendants.** | **CASE NO. 8:08CV436**<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |
| **WILLIAM GREEN and JANN GREEN,**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**SUNSET FINANCIAL SERVICES, INC.,**<br>**and BRYAN S. BEHRENS,**<br><br>    **Defendants.** | **CASE NO. 8:09CV13**<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

| | |
|---|---|
| **MILO VACANTI,**<br><br>             **Plaintiff,**<br><br>   **vs.**<br><br>**SUNSET FINANCIAL SERVICES, INC.,**<br>**and BRYAN S. BEHRENS,**<br><br>             **Defendants.** | **CASE NO. 8:09CV44**<br><br><br>**MEMORANDUM**<br>**AND ORDER** |

        This matter is before the Court on the Motions for Reconsideration Pursuant to

Fed. R. Civ. Pro. 60(b) (Case No. 8:08CV335, Filing No. 281; Case No. 8:08CV399,

Filing No. 276; Case No. 8:08CV436, Filing No. 266; Case No. 8:09CV13, Filing No.

243; Case No. 8:09CV44, Filing No. 190), filed by Defendant Sunset Financial Services,

Inc. ("SFS").  SFS requests that the Court reconsider its Orders (Case No. 8:08CV335,

Filing No. 280; Case No. 8:08CV399, Filing No. 275; Case No. 8:08CV436, Filing No.

265; Case No. 8:09CV13, Filing No. 242; Case No. 8:09CV44, Filing No. 189) adopting

the Reports and Recommendations and Order ("RROs") of U.S. Bankruptcy Judge

Timothy J. Mahoney.  Judge Mahoney recommended that the references of the above

captioned actions to the U.S. Bankruptcy Court for the District of Nebraska be

withdrawn, and ordered that SFS's third-party claim against Plaintiff William Green for

contribution and indemnity be severed and remain pending as a separate case in the

Bankruptcy Court.  For the reasons stated below, the Motions will be denied.

        On October 18, 2012, the Bankruptcy Court entered its RROs, which were filed

with this Court the next day.  On November 7, 2012, this Court entered its Orders

adopting the RROs (the "Adoption Orders").  No party had filed with this Court an

objection to the RROs in accordance with NEGenR 1.5(b)(2),[1] or anything else relating to the RROs.  Prior to November 7, 2012, SFS filed with the Bankruptcy Court a Notice of Appeal (*see* Case No. 8:08CV335, Filing No. 289; Case No. 8:08CV399, Filing No. 284; Case No. 8:08CV436, Filing No. 274; Case No. 8:09CV13, Filing No. 251; Case No. 8:09CV44, Filing No. 198) indicating that it was appealing the RROs, and a motion seeking to stay the RROs pending the appeal[2] (*see* Case No. 8:08CV335, Filing No. 291; Case No. 8:08CV399, Filing No. 286; Case No. 8:08CV436, Filing No. 276; Case No. 8:09CV13, Filing No. 253; Case No. 8:09CV44, Filing No. 200).  SFS did not file or otherwise notify this Court of those Bankruptcy Court filings until November 18, 2012, when it filed the present Motions.  Those filings did not indicate SFS's grounds for challenging the RROs.

## STANDARD

SFS seeks reconsideration of the Adoption Order under Federal Rule of Civil Procedure 60(b)(1) and (6).[3]  Rule 60(b) states, in pertinent part, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for

---

[1]

When a motion for withdrawal of reference is filed, a bankruptcy judge after notice and hearing files a report and recommendation with the bankruptcy and district courts.  The district court may adopt the report and recommendation if the parties file no objections within 14 days of service.  Parties must file any objections to the report and recommendation with both the bankruptcy and district courts.

NEGenR 1.5(b)(2).

[2] The Bankruptcy Court denied the motions to stay on November 16, 2012.

[3] SFS points to *Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006), for the proposition that a motion for reconsideration of a non-final order is treated as a Rule 60(b) motion.  *See id.* at 984 (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").  *But see Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010) (citing *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (criticizing *Elder-Keep* for ignoring "a district court's inherent authority to reconsider interlocutory orders'"); *Garrett*, 2008 WL 268993, at *2 n.2 (disagreeing with *Elder-Keep* for similar reasons).

3

the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  "[A] motion filed under Rule 60(b) addresses itself to the discretion of the district court,"  *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978), and is "grounded in equity[.]"  *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996).

## DISCUSSION

SFS argues that it was legitimately surprised by the Adoption Order, and that prior to the issuance of the Adoption Order, it was unaware of the need to file objections in accordance with NEGenR 1.5(b)(2) and attempted in good faith to challenge the RROs by filing its notice of appeal and motion to stay.  It asserts that the neglect of its counsel to file an objection in accordance with NEGenR 1.5(b) to the RROs should not cause it to forfeit its opportunity to challenge the RROs.  Finally, SFS contends that its inability to challenge the RROs would prejudice it by forcing it to litigate the above captioned actions and the third-party claim the Bankruptcy Court retained.

Considering all of the equities in this case, the Court finds that relief from the Adoption Order is not warranted.  This Court's local rules clearly state that a party seeking to challenge a report and recommendation that withdraws the reference of a case to the Bankruptcy Court "must file any objections to the report and recommendation with both the bankruptcy and district courts" within fourteen days after being served with the bankruptcy judge's report and recommendation.  NEGenR 1.5(b)(2).  *See Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997)) ("'[F]ailure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect.'").  No such objection was filed with this Court or the Bankruptcy

4

Court.[4]  Furthermore, in light of the "broad discretion" a bankruptcy court has under Fed. R. Civ. P. 21[5] to sever discrete claims, the clear requirements imposed by NEGenR 1.5(b)(2), and the circumstances surrounding these actions, the Court finds that a further delay would unfairly prejudice the Plaintiffs.  Therefore, the Court will deny SFS's Motions.  Accordingly,

IT IS ORDERED that the following Motions for Reconsideration Pursuant to Fed. R. Civ. Pro. 60(b), filed by Defendant Sunset Financial Services, Inc., are denied:

1.    Case No. 8:08CV335, Filing No. 281;

2.    Case No. 8:08CV399, Filing No. 276;

3.    Case No. 8:08CV436, Filing No. 266;

4.    Case No. 8:09CV13, Filing No. 243; and

5.    Case No. 8:09CV44, Filing No. 190.

Dated this 28th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[4] The Court notes that SFS relies on *Chapman v. Houston*, No. 4:07CV3081, 2007 WL 2306908 (D. Neb. Aug. 8, 2007), for the proposition that filing a notice of appeal to a bankruptcy judge's findings and recommendation to withdraw the reference of a case to the Bankruptcy Court satisfies the requirements of NEGenR 1.5(b)(2).  *Chapman*, however, is distinguishable from this case.  The plaintiff in *Chapman* was a *pro se* prisoner, and his "appeal" of the bankruptcy judge's report and recommendation to withdraw the reference of the case to the bankruptcy court was filed within NEGenR 1.5(b)(2)'s deadline and with both the bankruptcy court and the district court.  Furthermore, the *pro se* prisoner's "appeal" contained the grounds on which he challenged the report and recommendation; the Court ruled on the "appeal" based on the challenges presented therein.  Here, SFS is represented by counsel, its Notice of Appeal and Motion to Stay were filed only in the Bankruptcy Court and did not indicate its grounds for challenging the RROs.  Under these circumstances, the Court will not delay the above captioned actions further by re-characterizing SFS's Bankruptcy Court filings as an objection that complies with NEGenR 1.5(b)(2).

[5] *See McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 470 (D. Or. 2002); *see also Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308-09 (8th Cir. 2009). Fed. R. Civ. P. 21 is made applicable to bankruptcy adversary proceedings under Fed. R. Bankr. P. 7021.