IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN LUSTGRAAF,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNSET FINANCIAL SERVICES, INC., and BRYAN S. BEHRENS,<br><br>    Defendants. | 8:08-CV-335<br><br><br><br>ORDER TO SHOW CAUSE |
| JEAN (J.P.) POOLE & DEE POOLE, TRUSTEES OF THE POOLE FAMILY TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUNSET FINANCIAL SERVICES, INC., and BRYAN S. BEHRENS,<br><br>    Defendants. | 8:08-CV-399<br><br><br><br>ORDER TO SHOW CAUSE |

  These matters are before the Court on its own motion following a review of the procedural posture of these cases.

  The plaintiffs' claims have been dismissed pursuant to the Court's previous orders. Case no. 8:08-cv-335 filings 389 and 391; case no. 8:08-cv-399 filings 384 and 386. Sunset Financial Services' third-party claims against William H. Green were severed by the bankruptcy court pursuant to Fed. R. Bankr. P. 7021 and Fed. R. Civ. P. 21, and remain pending in the bankruptcy court. *See* case no. 8:08-cv-335 filings 276 and 280; case no. 8:08-cv-399 filings 273 and 275. But because they were severed pursuant to Rule 21, they proceed in discrete, independent actions. *See E.S. v. Indep. Sch. Dist.*, 135 F.3d 566, 568 (8th Cir. 1998). And Sunset's claims against Behrens have been dismissed *except for* "Sunset Financial Services' cross-claim against Behrens

involving William Green's claim[.]" Case no. 8:08-cv-335 filings 389 and 391; case no. 8:08-cv-399 filings 384 and 386.

Upon review, the language "Sunset Financial Services' cross-claim against Behrens involving William Green's claim" is best read to refer exclusively to Sunset's claim against Behrens in case no. 8:09-cv-13, and not to Sunset's claims against Behrens in the above-captioned cases. Therefore, it would appear that all the pending claims for relief in the above-captioned cases have been disposed of, and that the Court should close these cases by entering final judgments. But given the complicated procedural aspects of these cases, the Court will provide the parties with an opportunity to respond before doing so.

IT IS ORDERED:

1. On or before August 23, 2013, any party may show cause why the Court should not enter final judgments in the above-captioned cases.

2. Absent good cause shown, the Court may enter final judgments in these cases without further notice.

3. The Clerk of the Court is directed to enter a show cause deadline of August 23, 2013.

Dated this 16th day of August, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -